FRANCIS G. HALL v. ANDREW J. HARRINGTON, KATE B. HAR-
RINGTON, JACOB M. KEMP, HARRIET KEMP, HENRY
STRUBEL, ISAAC M. SHEPHERD AND
JOHN K. LEONARD.

ISAAC N. SHEPHERD, ANDREW J. HARRINGTON, KATE B. HAR-
RINGTON, JACOB M. KEMP AND HARRIET KEMP v.
FRANCIS G. HALL AND JOHN K. LEONARD.

[BILL AND CROSS-BILL.]

*Procurement of assignment of mortgage—Cross-bill.*

It is not fraud for one who has bought subject to a mortgage to induce a friend to purchase the mortgage.    It makes no difference to the mortgager whether one person or another owns it, and it does not change his relations with the owner of the land or the mortgage creditor.    Nor does it affect the right of foreclosure.

A cross-bill cannot be maintained if the defense to the original bill fails, where both are based on the same facts.

Appeal from Gratiot.    Submitted June 3.    Decided June 10.

FORECLOSURE.    Complainant in the original bill and defendants in the cross-bill appeal.

*Newell Leonard* and *C. J. Willett* for appellants. The consideration of an absolute assignment concerns only the parties to it, *Adair v. Adair*, 5 Mich., 204; *Oliver v. Eaton*, 7 Mich., 108; Thomas on Mortgages, 101; there cannot be fraud without deception, or undue influence or intent, *Baldwin v. Buckland*, 11 Mich., 389; *Kirby v. Ingersoll*, Har. Ch., 172; where fraud and misrepresentation are relied on, a bill must state what the misrepresentations were and that they were made with intent to deceive, *Wurcherer v. Hewitt*, 10 Mich., 453; *Tong v. Marvin*, 15 Mich., 60, and that they were acted on to complainant's injury, Story's Eq. Pl., 186; 2 Whart. Ev., 1145; honesty is presumed rather than fraud, *Hopson v. Payne*, 7 Mich., 334; *Gay v. Bidwell*, id., 519; *Nye v. Van Husan*, 6 Mich., 329.

*James K. Wright* for appellees. An assignee under an assignment is not a *bona fide* purchaser, *Pierson v. Manning*, 2 Mich., 445; a cross-bill is a mode of defense and dependent on the original bill, forming only one suit with it, and though its allegations must relate to the subject matter it is not restricted to the issues of the original bill, *Nelson v. Dunn*, 15 Ala., 501.

CAMPBELL, C. J. The original bill was filed by Hall to foreclose a mortgage executed in 1869 by Harrington and Kemp and their wives to Aaron Wessels, for a little over $3,800, payable in six notes due on the first of November, 1870, and yearly thereafter, with interest semi-annually. In February, 1872, Wessels filed a foreclosure bill, and in January, 1873, obtained a decree for so much as was then supposed to be due. This was subsequently corrected by an amended report. In July, 1873, Shepherd, who owned the equity of redemption, paid the whole sum due under the decree, and in the subsequent Jnuarya, 1874, paid up the amount which had then been reported as further accruing up to that time.

In November, 1874, Shepard sold the equity of redemp-

tion to Cornelius V. Hulbert and Abert Hogle, by warranty deed, subject to the payment of Wessels' mortgage claim.    Hulbert and Hogle gave back to Shepard a purchase-money mortgage, which he still holds, partly unpaid.    John K. Leonard, in June, 1875, became owner of the land, subject to both the Wessels and Shepherd mortgages.

On the 10th day of July, 1876, one Franklin Carpenter became assignee of the Wessels mortgage, on which it was claimed there was due and to become due as calculated, two thousand and eighty dollars and sixty cents. Carpenter afterwards assigned to Hall, who filed this bill.

The defense relied on is that the mortgage was really paid by Leonard, and that he collusively procured the assignment to be made to Carpenter when the mortgage should have been cancelled.    We do not think the defense made out.    All that bears upon such a theory appears to have come from certain transactions which indicate that Leonard was uncertain whether he could raise money to pay the mortgage when due, and having a smaller amount, induced Wessels to take it conditionally, leaving Leonard the option of paying or recalling it.    Leonard prevailed on Carpenter, who was a friend, to purchase the mortgage, his object being to obtain some further delay.    Carpenter purchased with his own money and took the assignment.

There is nothing wrong or fraudulent in this.    It cannot make any difference to the mortgagors or to Shepherd whether the mortgage is owned by Wessels or by some one else.    The change of ownership does not change their relations with Leonard or with the mortgage creditor.    If Leonard does not see fit to pay the debt and thus prevent a foreclosure, Carpenter or Hall cannot be deprived of their rights merely because he induced them to step into the shoes of Wessels.    If this bill had been filed by Wessels, and he had never parted with the securities, there could have been no defense to it.    We can see no possible ground for setting up a defense now.

The cross-bill cannot be maintained if the defense to the original bill fails.

The decree below must be reversed with costs of both courts in the original and cross-suits, and the cross-bill dismissed. A decree of foreclosure must be granted in the usual form, for the sum of $2,261, with interest from the date of this decision, to be paid within four months, or in default the property to be sold. The costs of the cross-bill in both courts to be payable to Hall and Leonard, and enforced by process out of this court. Costs of the foreclosure proceedings in both courts payable to Hall and included in his decree. The decree in the original suit to be entered in the court below in conformity with these directions.

The other Justices concurred.